IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADVANCED OPTICS ELECTRONICS, INC.,
and BIOMODA, INC.,

      Plaintiffs,

vs.                                                                                                       No. CIV 07-0855 JB/DJS

LESLIE S. ROBINS, ALVIN D. ROBINS,
and JOHN W. KEARNS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant, John W. Kearns' Motion to Dismiss, filed September 27, 2007 (Doc. 11)("Motion to Dismiss").  The Court held a hearing on January 22, 2008, but Defendant John W. Kearns did not make an appearance at the hearing, either personally or through counsel.  The Court finds, however, that oral argument is not necessary to decide this motion, and will rule on the briefs that Kearns and the Plaintiffs have submitted.  The primary issues are: (i) whether the Court has personal jurisdiction over Kearns, a resident of Coral Gables, Florida; and (ii) whether the Complaint states a cause of action against Kearns.  For reasons stated at the hearing, for reasons consistent with those already stated, and because Kearns' actions are alleged to have been tortious activity causing injury in New Mexico, and because the Complaint sufficiently states the Plaintiffs' claims against Kearns, the Court will deny the Motion to Dismiss.

## BACKGROUND

The Plaintiffs allege that Kearns was involved in a scheme to ruin Plaintiff Biomoda, Inc. so that Defendant Leslie S. Robins, acting through Plaintiff Advanced Optics Electronics, Inc. ("ADOT"), could seize Biomoda's assets to unjustly enrich himself.  See Complaint for Common

Law Fraud, Violation of Federal and New Mexico Securities Laws, Conversion, Breach of Fiduciary Duty, and Racketeering ¶ 32, at 8-9, filed August 29, 2007 (Doc. 1)("Complaint").  Kearns states that he is a resident of Coral Gables, Florida, and has never done any work in New Mexico except for taking a deposition in an unrelated matter.  See Motion to Dismiss, ¶ 1, at 1.  While he has done work for Biomoda and ADOT, all of the work was done of out of his Florida office.  See Affidavit of Defendant, John W. Kearns in Support of His Motion to Dismiss for Lack of Jurisdiction (executed September 26, 2007), filed September 27, 2007 (Doc. 12).

The Plaintiffs responded to Kearns' motion, and asserted that jurisdiction over Kearns is proper in New Mexico and that their Complaint properly raised several claims against Kearns.  See Plaintiffs' Memorandum Brief in Opposition to Defendant John Kearns' Motion to Dismiss, filed October 15, 2007 (Doc. 23)("Response").  The Plaintiffs allege that Kearns wrote at least five letters at Robins' behest, rendering the legal opinion that closed Biomoda SB-2 stock offerings were still open,[1] and improperly directing Biomoda's transfer agent to issue shares.  See Complaint ¶ 17, at 5; Exhibits A-1 – A-5 to Response, Letters from John W. Kearns (Doc. 23-2).  Kearns was allegedly aware, or should have known, that this conduct was unlawful.  See Complaint ¶ 17, at 5.  The Plaintiffs also allege that Kearns received unauthorized control shares from ADOT, see id. ¶ 22, at 6, and that he improperly attempted to foreclose on Biomoda's debt to ADOT, see id. ¶ 32, at 9.

## ANALYSIS

Kearns argues that the Court should dismiss the Complaint against him pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(2), and 12(b)(6), because the Court lacks personal jurisdiction

---

[1] SB-2 stock offerings are a type of public stock offering for small companies.  Stock can only be offered under an SB-2 filing for a certain period before re-filing is needed.

over him, and because the Complaint fails to state any claims against him. Kearns' activities, however, as alleged in the Complaint, place him within the Court's personal jurisdiction. Moreover, the Complaint sufficiently lays out several claims for relief against him.

## I.   KEARNS IS SUBJECT TO PERSONAL JURISDICTION IN NEW MEXICO.

Kearns argues that everything he has done on behalf of ADOT and of Biomoda were out of his Florida office. Kearns also contends that he has not visited or done work in New Mexico with regards to any of the actions he allegedly committed. Kearns' alleged conduct, however, while originating outside of New Mexico, was sufficiently directed at New Mexico to be covered by New Mexico's long-arm statute and to allow the Court to exercise jurisdiction within the boundaries of due process.

For a federal court to have personal jurisdiction over a defendant, the Court must have both statutory authority and be able to exercise that authority within the constraints of due process. The New Mexico long-arm statute, as relevant here, provides for out-of-state service of process for "the transaction of business" or "commission of a tortious act" in New Mexico. N.M.S.A. 1978, § 38-1-16.

All of the counts brought against Kearns arise out of his alleged involvement in the illegal issuance of Biomoda stock. This stock issuance allegedly caused damage to Biomoda, a New Mexico corporation, with its principal place of business also in New Mexico. The Supreme Court of New Mexico, construing the "tortious act" prong of the long-arm statute, has held that "when negligent acts occur outside New Mexico which cause injury within New Mexico," personal jurisdiction over the out-of-state actor exists. Roberts v. Piper Aircraft Co., 100 N.M. 363, 366, 670 P.2d 974, 977 (1983). Kearns' actions were not materially different than those in Roberts v. Piper Aircraft Co., except the case for jurisdiction over Kearns is stronger, as the Plaintiffs allege Kearns

may have acted knowingly, not just negligently.

But having statutory power is not enough; the exercise of that power must comport with the requirements of the Due Process Clause. Kearns' contacts with New Mexico are sufficient to allow the Court to obtain personal jurisdiction over him without offending due process. Based on the activities alleged, Kearns should have expected to face litigation in New Mexico.

The Supreme Court of the United States stated the modern test for determining the limits due process places on personal jurisdiction in International Shoe, Co. v. Washington, 326 U.S. 310 (1945): "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." 326 U.S. at 316 (citation and internal quotation marks omitted). The Plaintiffs allege that Kearns was involved in a conspiracy to destroy Biomoda, see Complaint ¶ 54, at 12, and he certainly was aware that Biomoda and ADOT both had their principal places of business in New Mexico. Someone engaged in activity or a conspiracy that is calculated to cause harm in a particular state, or that is conducted with knowledge of its harmful effect in another state, could reasonably expect to be sued in that state. See Calder v. Jones, 465 U.S. 783, 789-91 (1984); Intercom, Inc. v. Bell Atlantic Internet Solutions, Inc., 205 F.3d 1244, 1248 (10th Cir. 2000); Applied Capital, Inc. v. Gibson, Case No. CIV 05-0098 JB-ACT, Order at 1-2, filed March 26, 2006 (D.N.M.)(Browning, J.). Given his alleged actions, subjecting Kearns to suit in New Mexico for claims arising out of that alleged wrongdoing "does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).[2]

---

[2] Because the Court finds personal jurisdiction under the long-arm statute, it need not address the Plaintiffs' arguments regarding nationwide service of process.

II.     **THE COMPLAINT STATES SEVERAL CLAIMS AGAINST KEARNS.**

Kearns argues that the Complaint says nothing about him except in ¶ 17, that it fails to meet the particularity requirements for pleading a claim sounding in fraud under rule 9(b), and that it fails to show any damage resulting from his alleged actions.  See Motion to Dismiss ¶ 2, at 2.  In response, the Plaintiffs point to several allegations about Kearns' activities.

All of the counts asserted against Kearns involve the SB-2 issuance.  The Plaintiffs' Complaint sets out the details surrounding those activities, and Kearns' alleged involvement therein, including the "who, what, when, where, and how" of the conduct, as rule 9(b) requires for allegations of fraud.  United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 727 (10th Cir. 2006)(citation and internal quotation marks omitted).  The Plaintiffs allege that the unauthorized issuance damaged Biomoda by flooding the market with below-market priced shares, driving down stock prices and impairing Biomoda's ability to raise capital.  See Complaint ¶ 23, at 8.  While the Plaintiffs state several theories against Kearns, they all arise out of this same conduct.[3]  All of the counts are pled properly, and with sufficient particularity to survive rules 9(b) and 12(b)(6).

**IT IS ORDERED** that Defendant, John W. Kearns' Motion to Dismiss is denied.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Kearns argues that his alleged unlawful debt collection on behalf of ADOT does not state a claim against him, and the Court tends to agree, but it is immaterial whether these allegations state a claim, because no count in the Complaint is based on this conduct.

*Counsel:*

Thomas Bird
Spencer Reid
Keleher & McLeod
Albuquerque, New Mexico

– and –

Phil Krehbiel
Albuquerque, New Mexico

    *Attorneys for Plaintiffs*

John Boyd
Matthew L. Garcia
Freedman Boyd Hollander
  Goldberg & Ives, P.A.
Albuquerque, New Mexico

    *Attorneys for Advanced Optics Electronics, Inc.*

Sam Bregman
Eric Loman
Bregman Law Firm
Albuquerque, New Mexico

    *Attorneys for Defendant Leslie Robins*

John W. Kearns
Coral Gables, Florida

    *Defendant pro se*

Alvin D. Robins
La Porte, Texas

    *Defendant pro se*