**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ADVANCED OPTICS ELECTRONICS, INC.,
and BIOMODA, INC.

     Plaintiffs,

v.                                                                                No. CIV 07-0855 JB/DJS

LESLIE S. ROBINS, ALVIN D. ROBINS,
and JOHN W. KEARNS,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Letter from Defendant Alvin Robins to the

Court (dated August 3, 2010), filed August 3, 2010 (Doc. 149).  The Court construes the letter as

a motion to delay consideration of Plaintiff Biomoda, Inc.'s Motion for Summary Judgment on

Compensatory Damages Against Defendants John W. Kearns and Alvin D. Robins, filed

November 25, 2009 (Doc. 132).  The Court held a hearing on August 4, 2010.  The primary issue

is whether the Court should delay consideration of Plaintiff Biomoda, Inc.'s motion for summary

judgment on damages against Defendant Alvin D. Robins.  The Court concludes that it should, and

grants A. Robins' motion in part.

**PROCEDURAL BACKGROUND**

On October 15, 2008, Biomoda moved for default judgment against A. Robins and

Defendant John W. Kearns.  See Motion for Default Judgment, filed October 15, 2008 (Doc. 91).

On December 22, 2008, the Court granted that motion, and awarded judgment in favor of Biomoda

and against A. Robins and Kearns on the issue of liability in the underlying lawsuit.  See Default

Judgment as to Liability Against Defendants Alvin D. Robins and John W. Kearns, filed December

22, 2008 (Doc. 108).  On November 25, 2009, Biomoda moved for summary judgment against A. Robins on the issue of damages.[1]  After the Court's courtroom deputy clerk consulted with A. Robins about the date for a hearing, the Court set a hearing on that motion for August 4, 2010. See Order, filed June 9, 2010 (Doc. 144); Amended Order, filed June 10, 2010 (Doc. 145).

On August 3, 2010, A. Robins filed this letter.  In the letter, A. Robins makes several requests: (i) to hold an evidentiary hearing on the motion for summary judgment; (ii) to deny the motion for summary judgment; and (iii) to re-set the summary judgment hearing.  Robins states that his absence from the hearing is because of medical concerns.  Attached to A. Robins' letter is a letter from A. Robins' physician, Dr. Sapan Bhatt.  The letter is dated August 3, 2010, recounts A. Robins' history of health problems, and expresses Bhatt's opinion that A. Robins should spend the next forty-eight hours in bed, resting.  Bhatt's letter also includes a summary of A. Robins' medical history and current medications.

## ANALYSIS

This is the second time that Robins has avoided a hearing by citing his medical condition. Both times he has, without explanation, also refused to attend telephonically.[2]  On January 22, 2008, A. Robins called the Court's Courtroom Deputy Clerk, K'Aun Wild, and stated that he was in a hospital in Houston, Texas, and therefore unable to attend a hearing the next day.  When asked if he wished to attend the hearing telephonically, A. Robins stated that he could not.  On June 8, 2010, Ms. Wild received a voice-mail from A. Robins stating that it would be "impossible," for both

---

[1] Kearns died on May 20, 2009, and Biomoda decided not to pursue its claims against him.

[2] Although avoiding two hearings in three years may seem inconsequential, there have been very few hearings in this case, and, as far as the Court can discern from its recollection and Ms. Wild's minutes, A. Robins has never appeared before the Court.

financial and medical reasons, for A. Robins to attend the hearing on Biomoda's motion for summary judgment in person.  Before the hearing, the Court's Ms. Wild, telephoned A. Robins and asked if he would attend the hearing telephonically.  Again, he refused.

Based in part on A. Robins' history of refusing or failing to attend hearings in this matter, Thomas Bird, Biomoda's attorney, asked the Court to proceed in A. Robins' absence.  Mr. Bird expressed concern that A. Robins could not attend the hearing in person or telephonically, and indicated that he believed A. Robins' ailments to be either fabricated or exaggerated to prolong this case.  Mr. Bird also represented that he did not want an evidentiary hearing on Biomoda's motion.

Notwithstanding Mr. Bird's concerns, at the hearing, the Court concluded that it will grant in part A Robins' request to delay consideration of Biomoda's summary-judgment motion.  The Court determined that it would be wasteful to cancel the hearing on the motion for summary judgment and send Mr. Bird back to his office without the opportunity to argue in favor of the motion.  The Court thus allowed Mr. Bird to argue his motion with the understanding that the Court will not rule on the motion for summary judgment until A. Robins has had an opportunity to address Mr. Bird's arguments if he so chooses.

Again, the Court grants A. Robins' motion and will not rule on Biomoda's motion at the present time.  Instead, the Court will give A. Robins ten days from the date this Memorandum Opinion and Order is filed to decide how to proceed.  A. Robins will have the opportunity, during those ten days, to order a transcript of the hearing and review Ms. Wild's minutes.  If A. Robins would like an opportunity to argue orally to what Mr. Bird said during the hearing, A. Robins must telephone Ms. Wild within these ten days and request a hearing.  If, on the other hand, A. Robins fails to respond within ten days, the Court will proceed to decide Biomoda's motion for summary judgment on the current record.

**IT IS ORDERED** that the request to delay consideration of Plaintiff Biomoda, Inc.'s motion for summary judgment found in the Letter from Defendant Alvin Robins to the Court (dated August 3, 2010)(Doc. 149) is granted.  The Court will delay consideration of the summary-judgment motion for at least ten days, as further set forth in this opinion.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

William Spencer Reid
Phil Krehbiel
Thomas C. Bird
Christina Muscarella Gooch
Keleher & McLeod
Albuquerque, New Mexico

     *Attorneys for Plaintiff Biomoda, Inc.*

Sam Bregman
Eric Loman
The Bregman Law Firm, PC

     *Attorneys for Plaintiff Advanced Optics Electronics, Inc.*

Alvin D. Robins
La Porte, Texas

     *Defendant pro se*